UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MELINDA B.,

                Plaintiff,

   v.

ANDREW M. SAUL,
Commissioner of Social Security,[1]

                Defendant.

CASE NO. C19-0122-MAT

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL

Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

## **FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1986.[2] She has a high school diploma, and has worked as a

---

[1] Andrew M. Saul is now the Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Andrew M. Saul is substituted for Nancy A. Berryhill as defendant in this suit.

[2] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

cashier, office clerk, fast food worker, telephone representative, and housekeeper. (AR 132, 347.)

Plaintiff protectively applied for DIB and SSI in January 2014. (AR 166, 197, 317-29.) Those applications were denied and Plaintiff timely requested a hearing. (AR 210-13, 216-21.)

In 2015-17, ALJs James W. Sherry and Glenn G. Meyers held five hearings, taking testimony from Plaintiff, Plaintiff's mother and boyfriend, and vocational experts (VEs). (AR 41-165.) On April 19, 2017, ALJ Meyers issued a decision finding Plaintiff not disabled. (AR 22-34.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on May 4, 2018 (AR 5-10), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## **JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## **DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since October 7, 2012, the alleged onset date. (AR 25.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's autonomic small fiber neuropathy. (AR 25-26.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 26.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff capable of

performing sedentary work, with additional limitations: she can perform unskilled, repetitive, routine tasks in two-hour increments. She must be able to alternate between sitting and standing at will throughout the workday while remaining at the workstation. She can occasionally stoop, squat, crouch, crawl, kneel, and climb stairs and ramps. She can never climb ropes, ladders, and scaffolds. She will be off-task at work up to 15% of the time, but can still meet the minimum production requirements of the job. She will have eight unexcused absences per year. (AR 26.) With that assessment, the ALJ found Plaintiff able to perform past relevant work as a telemarketer. (AR 32.)

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of a VE, the ALJ found Plaintiff capable of transitioning to other representative occupations, such as order clerk, addresser, and final assembler. (AR 32-34.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in assessing the medical opinions and in discounting her

testimony.[3] The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

Subjective symptom testimony

The ALJ discounted Plaintiff's subjective testimony, citing: (1) her inconsistent reporting of symptoms during appointments close in time; (2) medical evidence inconsistent with her allegation of progressively worse symptoms; (3) the relatively few complaints Plaintiff made regarding her pain disorder when she received treatment for other conditions, and her lack of treatment directly for her pain disorder; (4) the inconsistency between her allegations and the minimal and mild objective findings; (5) the inconsistency between her symptoms and her treatment for those symptoms; and (6) the inconsistency between her activities and her allegations of extreme physical limitations. (AR 27-30.) In the Ninth Circuit, an ALJ must provide clear and convincing reasons to discount a claimant's testimony. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff challenges only the ALJ's third reason. Dkt. 17 at 7-8. Plaintiff argues that just because she did not complain of her pain disorder symptoms when she visited the emergency room for other conditions, or because her providers did not observe her to be in pain, that does not necessarily prove that she was not experiencing constant pain. *Id*. Even assuming without deciding that Plaintiff's offered interpretation of the treatment notes is a reasonable interpretation, she has not shown that the ALJ was unreasonable in finding that the relative lack of complaints or observations of pain disorder symptoms undermines her allegation of disability resulting from her

---

[3] Plaintiff's opening brief also challenges the ALJ's RFC assessment and the sufficiency of the evidence, but in doing so only reiterates arguments made elsewhere. Dkt. 17 at 6-8. Accordingly, these issues need not be analyzed separately.

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 4

pain disorder. *See, e.g.*, *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (ALJ may consider a claimant's inconsistent or non-existent reporting of symptoms).

Furthermore, even if there was error in this one of the ALJ's reasons, the ALJ provided many other independent reasons to discount Plaintiff's testimony, and thus an error in one is harmless. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008). Because Plaintiff has failed to challenge most of the ALJ's reasoning, her assignment of error fails.

### Medical evidence

In general, more weight should be given to the opinion of a treating physician than to a non-treating physician, and more weight to the opinion of an examining physician than to a non-examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where not contradicted by another physician, a treating or examining physician's opinion may be rejected only for "'clear and convincing'" reasons. *Id.* (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining physician's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id.* at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

Plaintiff states that the ALJ provided "no reason" to assign more weight to the State agency opinions over the opinions of examining and treating sources. Dkt. 17 at 6. But in fact, the ALJ described each opinion in detail and provided multiple reasons to support his assessment of each. (AR 31-32.) Plaintiff has not addressed any of the ALJ's specific reasoning, and her blanket assertion of error is insufficient to show harmful legal error in the ALJ's assessment of the medical opinion evidence. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (declining to address assertions unaccompanied by legal arguments: "We require contentions to

be accompanied by reasons.").

## CONCLUSION

For the reasons set forth above, this matter is AFFIRMED.

DATED this 23rd day of September, 2019.

Mary Alice Theiler
United States Magistrate Judge